UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


La'Quan Woodson,                                          Case No. 3:14 cv 76

            Plaintiff

      v.                                                 MEMORANDUM OPINION
                                                                 AND ORDER

Gary C. Mohr, et al.,

            Defendants


        This matter comes before me on the unopposed *pro se* Plaintiff's motion for leave to amend

the complaint (Doc. No. 29).  Also before me is Defendant Gary Parker's motion to dismiss (Doc.

No. 23) and Plaintiff's response (Doc. No. 32).


                                    MOTION TO AMEND


        Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days

of serving it or, if a responsive pleading is required, 21 days after service of a responsive pleading.

Fed. R. Civ. Pro. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing

party's written consent or the court's leave.  The court should freely give leave when justice so

requires."  Fed. R. Civ. Pro. 15(a)(2).  "In the absence of any apparent or declared reason – such as

undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules

require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*,

870 F.2d 1117, 1123 (6th Cir. 1989).  "Notice and substantial prejudice to the opposing party are

critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

In this instance, service of this action upon Defendant Parker occurred in late September 2014 (Doc. No. 11).  The Defendants sought an extension of time to answer the initial complaint and Defendant Parker filed a motion to dismiss on November 21, 2014.  (Doc. No. 23).  As there is no opposition to the motion to amend, I find Plaintiff's motion to amend the complaint well taken and direct the Clerk to file the proposed amended complaint forthwith.

## MOTION TO DISMISS

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).  To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555  (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action").  A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'

2

Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93  (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Defendant Parker challenges the sufficiency of the Eighth Amendment allegations set forth in the original complaint.  As the Plaintiff will be granted leave to file his amended complaint, I consider the allegations contained in that pleading for purposes of this motion.

Having reviewed the proposed amended complaint, I find the allegations meet the plausibility standard and clarify the basis on which the Plaintiff seeks supervisor liability as it pertains to Defendant Parker.  Therefore, at this juncture of the proceedings, Defendant's motion to dismiss is denied.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to amend the complaint (Doc. No. 29) is granted and the Clerk is instructed to file the amended complaint forthwith.  In addition, Defendant Parker's motion to dismiss (Doc. No. 23) is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3