UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


La'Quan Woodson,                  Case No. 3:14 cv 76

        Plaintiff

    v.                                     MEMORANDUM OPINION

Gary C. Mohr, et al.,

        Defendants


## I. BRIEF BACKGROUND

Plaintiff La'Quan Woodson is currently an inmate at the Allen Correctional Institution in Lima, Ohio. He initiated this case in January 2014, and with the Court's permission, filed a second amended complaint on March 30, 2016.

La'Quan brings this action under 42 U.S.C. § 1983 for violation of his rights under the Eighth Amendment. In April 2013, while an inmate at the Toledo Correctional Institution, La'Quan alleges he was subjected to excessive force by Gary Parker, David Sealscott, and Benjamin Danhoff, who were corrections officers at TCI at the time of this incident. Specifically, his second amended complaint alleges La'Quan:

> was subjected to cruel and unusual punishment when Defendant Danhoff willingly assaulted the Plaintiff, Defendant Sealscott failed to protect Plaintiff from Danhoff's assault, and Defendant Parker, also failed to protect the Plaintiff from a known risk of harm from inmates and C.O.'s.

(Doc. No. 69 at ¶ 2). Named Defendants include Benjamin Danhoff, Gary Parker, and David Sealscott, all in their official and individual capacities, as well as the Toledo Correctional Institution.

This matter is now before me on Defendants' motion to dismiss. Defendants seek the dismissal of TCI pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. They also seek dismissal of the claims against Parker and Sealscott pursuant to the Prison Litigation Reform Act, based on the failure of Plaintiff to exhaust all administrative remedies. For the reasons stated below, the motion is granted.

## II. CLAIMS AGAINST TCI

### A. Applicable Legal Standard

Generally, a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) alleging a lack of subject matter jurisdiction falls into one of two categories: facial attacks and factual attacks. FED. R. CIV. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the pleading itself. Upon receiving such a motion, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). In contrast, a factual attack challenges the factual existence of subject matter jurisdiction. *See Ohio Hosp. Ass'n v. Shalala*, 978 F. Supp. 735, 739 (N.D. Ohio. 1997).

When a Court is inquiring about whether it has subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (internal citations omitted). *See also RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996).

The plaintiff bears the burden of demonstrating that the Court has and may appropriately exercise jurisdiction over the subject matter. *DXL, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

**B. Discussion**

The Defendants seek the dismissal of TCI on the basis of Eleventh Amendment immunity and because TCI is not a "person" capable of being held liable for money damages under 42 U.S.C. § 1983. I agree.

A state is subject to immunity under the Eleventh Amendment. *Alden v. Maine*, 527 U.S. 706, 712-13 (1999). The burden of establishing immunity under the Eleventh Amendment rests with the movant. *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002). An institution is considered an arm of the state and entitled to immunity where a money judgment would be derived from the public treasury or injunctive relief is requested, for example, in the form of government restraint. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n.11 (1984).

It is undisputed that TCI is a state agency and is immune from suit here by virtue of the Eleventh Amendment. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). As noted by Defendants, the State of Ohio has a limited waiver of its sovereign immunity as codified in Ohio Revised Code § 2743.02. This means the State of Ohio has consented to be sued in Ohio's Court of Claims.

. Moreover, it is well settled that a state agency is not a person under 42 U.S.C. § 1983. *Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

As the second amended complaint seeks money damages against TCI and the limited waiver of immunity requires pursuit of this litigation in Ohio's Court of Claims, the Defendants' motion to dismiss is well taken on that branch of the Defendants' motion.

### III. CLAIMS AGAINST PARKER AND SEALSCOTT

The Defendants also seek dismissal of the claims against Parker and Sealscott for failure to exhaust Plaintiff's administrative remedies. 42 U.S.C. § 1997e(a) states as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement has been confirmed by the Supreme Court and the Sixth Circuit. *See Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006); *Napier v. Laurel County, Ky.*, 636 F.3d 218, 226 (6th Cir. 2011).

My review of the second amended complaint finds nothing which demonstrates there was an attempt at exhausting administrative remedies detailed in Ohio Administrative code 5120-9-31(K) as to Defendants Parker and Sealscott. The attachments to complaints or grievances, as contained in Plaintiff's initial verified complaint, attest to actions of Defendant Danhoff alone. In the absence of any opposition, I must find Plaintiff has failed to exhaust his administrative remedies and the claims against Parker and Sealscott must be dismissed as a matter of law.

## CONCLUSION

For the reasons stated above, I find the Defendants' unopposed motion to dismiss (Doc. No. 76) is granted. Defendants Parker, Sealscott, and the Toledo Correctional Institution are dismissed from this action. Defendant Parker's previously filed motion for summary judgment (Doc. No. 38) is denied as moot. The remaining claims in this litigation are those asserted against Defendant Danhoff.

Finally, a telephonic status conference is scheduled for August 24, 2016 at 10:30 AM and the Court will initiate that conference call.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge